465 So.2d 672 (1985)
OHIO CASUALTY INSURANCE COMPANY, Appellant,
v.
Rafael SANTOS, Sr., d/b/a Santos Lawn Service, Appellee.
No. 83-1585.
District Court of Appeal of Florida, Second District.
March 27, 1985.
W. Lane Neilson and David L. Ferguson of Neilson & Degailler, Tampa, for appellant.
Michael J. Volpe and Jim David Shumake of Monaco, Cardillo, Keith & Volpe, P.A., Naples, for appellee.
RYDER, Chief Judge.
Ohio Casualty Insurance Company, insurer of Rafael Santos, Sr., d/b/a Santos Lawn Service, appeals a trial court judgment that Santos was entitled to insurance coverage when he mistakenly felled a thirty-foot java plum tree. We reverse.
The facts are not in dispute. Mrs. Jeanne Atkins contacted by telephone Santos Tree Service and told Rafael Santos, Jr. that she wanted her java plum tree topped "way down." Mr. Santos, Jr. relayed her instructions to his father, Rafael Santos, Sr., who spoke no English. The lines of communication broke down somewhere and Mr. Santos, Sr. understood that Mrs. Atkins wanted the tree cut all the way down, which he did. Ultimately, Santos filed a declaratory action against his business insurer, Ohio Casualty, to determine whether he or the insurer was responsible for the cost of replacing Mrs. Atkins' tree.
The insurance policy in question contains the following exclusions:
This insurance does not apply ...
(n) to property damage to the named insured's products arising out of such products or any part of such products.
(o) to property damage to work performed by or on behalf of the named insured arising out of the work or any portion thereof, or out of materials, parts or equipment furnished in connection thereof.
These identical provisions have been construed to exclude coverage for the defective work done by the insured. LaMarche v. Shelby Mutual Insurance Co., 390 So.2d 325 (Fla. 1980). As the court stated in Commercial Union Insurance Co. v. R.H. *673 Barto Co., 440 So.2d 383 (Fla. 4th DCA 1983),
"The risk intended to be insured is the possibility that the goods, products or work of the insured, once relinquished or completed, will cause bodily injury or damage to property other than to the product or completed work itself, and for which the insured may be found liable... ." (quoting Weedo v. Stone-E-Brick, Inc., 81 N.J. 233, 405 A.2d 788 (1979)).
... [T]he risk a contractor takes that he will do defective work or furnish inadequate material is a business risk not insured against.
440 So.2d at 386.
Therefore, Santos' defective work in cutting down the plum tree was an uninsured business risk. Santos as the person doing the work was in the best position to guard against the risk that his work would be defective.
Appellant Ohio Casualty also argues that an exclusion for damage to "property in the care, custody or control of the insured" applies. Because of our determination that exclusions (n) and (o) discussed above control, it is not necessary to decide this question. We note, however, that the custody, care and control of the tree remained with the owner and not with the contractor hired to trim the tree.
The judgment of the trial court is reversed with instructions to enter judgment for Ohio Casualty Insurance Company.
Reversed and remanded with instructions.
SCHEB and DANAHY, JJ., concur.