Michael C. Margherio, St. Louis, for appellant.

Eric C. Harris, Flat River, for respondent.

## AMERICAN FAMILY MUTUAL INSURANCE COMPANY, Appellant,

v.

## RAGSDALE CONCRETE FINISHING, INC., et al., Respondent.

### No. 51710.

Missouri Court of Appeals,
Eastern District,
Division Six.

Feb. 3, 1987.

Rehearing Denied March 11, 1987.

DONALD L. MANFORD, Special Judge.

Appellant insurance company filed this action against respondent contractor seeking a declaratory judgment on appellant's contractual duty under a policy of insurance to defend and indemnify respondent in an underlying lawsuit now pending against respondent.

The cause was tried to the court upon a stipulation of facts. Appellant argued to the court below that the particular claim made by respondent against appellant company was specifically excluded under the policy of insurance. The court found in favor of respondent and ordered appellant to defend and indemnify respondent in the under]ying action. Appellant timely filed this appeal.

Appellant raises a single point and charges the trial court erred in interpreting the policy exclusions as not applying to respondent's claim. Review of this cause is pursuant to *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976) and must be affirmed unless the judgment is against the weight of the evidence, is not supported by substantial evidence or erroneously declares and/or applies the law.

The pertinent facts are as follows:

Appellant insured the business of Mr. Bill Ragsdale, doing business as Ragsdale Concrete Finishing, later Ragsdale Concrete Finishing, Inc. (respondent, under policy number 24X–06583–05–06, effective from August 22, 1983 through August 22, 1984.) During a prior policy period, respondent contracted with Mr. and Mrs. William Pagano (also respondents but hereinafter referred to by name), on July 8, 1983, to construct an in-ground swimming pool on property owned by the Paganos in Festus, Missouri.

Work on the swimming pool and surrounding concrete deck began in August of 1983, and continued until November of 1983. Cracks in the swimming pool began to appear in October of 1983, and the surrounding concrete deck also cracked and began to sink.

The Paganos brought suit against respondent, said cause now pending in Jefferson County. As a result of the suit brought against it, respondent made a claim under the policy in question. In the investigation of respondent's claim, appellant employed a geotechnical engineer to conduct tests in order to determine the cause of the damage to the pool and surrounding deck. Such tests were to include visual observations, and the excavation of "test pits" to determine soil density and compaction of the earth surrounding and underneath the pool.

In a letter dated March 14, 1984, appellant informed respondent that appellant was denying respondent's claim. The letter reads as follows:

Dear Mr. Ragsdale:

We have concluded our investigation concerning the damage to the Pagano pool. We have concluded that the distress is caused by settlement of the underlying fill. Under the circumstances, the following "Exclusions" in your policy preclude any payment being made on your behalf for the damage to the pool.

"This insurance does not apply: (n) to property damage to the named insured's products arising out of such products or any part of such products;

(O) to property damage to work performed by or on behalf of the named insured arising out of the work or any portion thereof, or out of materials, parts or equipment furnished in connection therewith; ..."

The "underlying fill" referred to by appellant in the above letter, was, in fact, placed on the construction site by the Paganos prior to the construction and installation of the swimming pool by respondent. Appellant had notice of this fact as such was included in the report submitted to appellant by the geotechnical engineer, and said report was included as an exhibit to the stipulation of facts submitted to the court below.

Although Exclusions (n) and (o), cited above, have never been interpreted in Missouri, identical exclusions have been reviewed in other jurisdictions. *See e.g. Weedo v. Stone-E–Brick, Inc.,* 81 N.J. 233, 405 A.2d 788 (1979); *Bulen v. West Bend Mutual Insurance Co.,* 125 Wis.2d 259, 371 N.W.2d 392 (Ct.App.1985); *Sturla, Inc. v. Fireman's Fund Insurance Co.,* 67 Hawaii 203, 684 P.2d 960 (1984); *Ohio Casualty Insurance Co. v. Santos,* 465 So.2d 672 (Fla.Dist.Ct.App.1985); *Great Southwest Fire Insurance Co. v. Greenlee,* 134 Ill. App.3d 816, 89 Ill.Dec. 676, 481 N.E.2d 28 (1985); and *Qualls v. Country Mutual Insurance Co.,* 123 Ill.App.3d 831, 78 Ill.Dec. 934, 462 N.E.2d 1288 (1984).

In each of the above cases the court denied coverage to the insured stating that the policy, with its exclusions (identical to those herein), does not cover faulty workmanship but rather provides coverage for accidents arising out of faulty workmanship. Such interpretation directly results from the language of the exclusions which state that there is no coverage for property damage to the insured's products *"arising out of such products"*, or property damage to work performed by or on behalf of the insured *"arising out of the work"*. In each of the above-cited cases, the insured was claiming coverage for damage *to the insured's product or work* which was caused by a defect *in the product itself* or resulting from faulty workmanship in the

construction or installation of *the product itself.* This court does not disagree with the rulings in the above-cited cases. However, such interpretation cannot apply to the case at bar.

In the present case, there is evidence that the damage to the pool was not a result of defective or faulty workmanship on the part of respondent. Rather, the evidence indicates that the damage resulted from a settlement of the underlying fill which was constructed by the Paganos prior to construction of the pool by respondent. Although this court does not and cannot determine the exact cause of the damage, as such determination is to be made by the fact-finder in the underlying action, this court finds that appellant denied coverage of the claim on the basis that the damage resulted from the settlement of the underlying fill. Therefore, this court concludes that coverage should not be denied under Exclusions (n) and (*o*). The trial court correctly declared and applied the law and did not err in ordering appellant to defend and indemnify respondent in the underlying action.

The judgment is affirmed.

DOWD, P.J., and REINHARD, J., concur.