Argued and submitted June 22, affirmed August 24, 1988

MILGARD MANUFACTURING, INC.,
*Appellant,*

*v.*

CONTINENTAL
INSURANCE COMPANY, INC., et al,
*Respondents.*

(A8606-03566; CA A45397)

759 P2d 1111

E. Ted Meece, Portland, argued the cause for appellant. With him on the briefs was Deich, Hinton & Meece, Portland.

Duane Vergeer, Portland, argued the cause for respondents. On the brief were Carl R. Rodrigues and Vergeer, Roehr & Sweek, Portland.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Plaintiff appeals from a summary judgment for defendant, its comprehensive general liability insurer, in this action arising out of defendant's refusal to defend plaintiff against a claim by Herzog Glass, Inc., a subcontractor on an office building construction project. Plaintiff agreed to produce and supply tempered glass windows for Herzog to install in the building. The building owner brought an action against the general contractor, Dillingham Corporation, alleging that the window assemblies did not meet contractual requirements, *inter alia,* because they were improperly tempered. Dillingham made a third-party indemnity claim against Herzog and it, in turn, brought a similar claim against plaintiff. Defendant initially accepted plaintiff's tender of the defense but later rejected it, asserting that the damage alleged in the owner's complaint and the two third-party complaints was not covered by the policy.

The owner alleged, as relevant, that the inadequacy of the window assemblies caused a delay in the completion and occupancy of the building, with resulting loss of rental income, and necessitated that the "exterior of the building [be] changed and altered in its structure and appearance," with resulting diminution in the building's value. Herzog alleged that plaintiff is liable for all damage sustained by the owner and that it is entitled to indemnity from plaintiff for all sums which it may be required to pay the owner or Dillingham.

Defendant's policy insures plaintiff for property damage, which is defined as

"(1) physical injury to or destruction of tangible property which occurs during the policy period, including the loss of use thereof at any time resulting therefrom, or (2) loss of use of tangible property which has not been physically injured or destroyed provided such loss of use is caused by an occurrence during the policy period."

Exclusions (m), (n) and (o) provide that the policy's coverage does not apply

"(m)   to loss of use of tangible property which has not been physically injured or destroyed resulting from

"(1)   a delay in or lack of performance by or on behalf

of the named insured of any contract or agreement, or

"(2)   the failure of the named insured's products or work performed by or on behalf of the named insured to meet the level of performance, quality, fitness or durability warranted or represented by the named insured;

"but this exclusion does not apply to loss of use of other tangible property resulting from the sudden and accidental physical injury to or destruction of the named insured's products or work performed by or on behalf of the named insured after such products or work have been put to use by any person or organization other than an insured;

"(n)   to property damage to the named insured's products arising out of such products or any part of such products;

"(o)   to property damage to work performed by or on behalf of the named insured arising out of the work or any portion thereof, or out of materials, parts or equipment furnished in connection therewith."

■    Defendant argues, *inter alia,* that none of the damages alleged in the underlying action resulted from *physical* injury to the building.[1] We agree. We do not understand the owner's allegation to be that the windows had a direct physical impact which caused changes in the exterior structure and appearance. In the context of the complaint, the meaning of the allegation is that the failure of the windows to comply with requirements resulted in a decision by the owner to change the exterior design. Plaintiff does not disagree with that interpretation of the allegation. It states:

"[T]he claim is for damage to the Project caused by the physical alteration of the design of the exterior which was alleged to have been necessary because of Milgard's allegedly negligent manufacture of the windows. The damages claimed in the amount of $275,000 were for the diminution in value of the Project * * *."

We conclude that neither the design alterations nor the alleged dimunition in value come within the "physical injury"

---

[1] Any damage to the windows themselves comes within exclusion (n) or (o).

component of the policy's coverage provision for property damage. *See Wyoming Sawmills v. Transportation Ins. Co.,* 282 Or 401, 578 P2d 1253 (1978).

■ The delay in completion and occupancy alleged by the owner is an injury which constitutes "loss of use of tangible property which has not been physically injured or destroyed," and is therefore property damage to which the coverage provision clearly applies. However, that injury also comes squarely within exclusion (m). The trial court correctly concluded that defendant's policy provides no coverage for the damages alleged against plaintiff in the underlying action and that defendant had no duty to defend.

Affirmed.