953 F.2d 1387
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
GREAT NORTHERN INSURANCE COMPANY, a Minnesota corporation,
Plaintiff-Appellee,
v.
BENJAMIN FRANKLIN FEDERAL SAVINGS & LOAN ASSOCIATION,
Defendant-Appellant.
 No. 90-35654.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 6, 1991.
Decided Jan. 31, 1992.
 
 Before TANG, O'SCANNLAIN and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The Benjamin Franklin Federal Savings and Loan Association ("Benj. Franklin") appeals the district court's grant of a declaratory judgment that its insurance policy with Great Northern Insurance Company ("Great Northern") did not cover Benj. Franklin's loss.
 
 
 3
 * In this diversity suit, we apply Oregon law to the straightforward process of interpreting a contract of insurance coverage.[1] See Okada v. MGIC Indem. Corp., 823 F.2d 276, 280 (9th Cir.1986). Insurance policies are construed as ordinary business contracts under Oregon law. Cf. Perez v. State Farm Ins., 613 P.2d 32, 34 & n. 2 (1980).
 
 
 4
 * Benj. Franklin's policy covered a loss which results "from direct physical loss," which term is not defined. Oregon law requires that interpretations of words of common understanding be taken in their plain, ordinary sense, and a court is not to attribute an unlikely meaning to the terms of a policy. Western Fire Ins. Co. v. Wallis, 613 P.2d 36, 38-39 (1980); Mortgage Bancorporation v. New Hampshire Ins. Co., 677 P.2d 726, 728 (Or.App.), rev. denied, 683 P.2d 1370 (1984).
 
 
 5
 The district court found that the contamination of Benj. Franklin's building with asbestos was an economic loss and not a physical loss, basing its conclusion on the fact that the building remained physically unchanged. Similarly, in Wyoming Sawmills, Inc. v. Transportation Insurance Co., 578 P.2d 1253 (Or.1978), the Oregon Supreme Court found that the policy's definition of "property damage" excluded coverage for consequential or intangible damage. Id., 578 P.2d at 1256. There, the policy defined property damage as a "physical injury to ... tangible property." Thus, consequential labor expenses, which the insured suffered when required to remove defective studs that he had manufactured, was not covered physical property damage. Id.; see also Milgard Mfg. v. Continental Ins. Co., 759 P.2d 1111, 1112 (Or.App.1988) (the alteration of a building's exterior design and diminution in value caused by the insured's manufacture of defective windows was not "physical injury").
 
 
 6
 We agree with the district court, applying Oregon case law, that Benj. Franklin's loss did not result "from direct physical loss." While Benj. Franklin no doubt sustained consequential loss caused by the necessity of cleaning up the asbestos, we conclude that it did not sustain "direct physical loss."
 
 
 7
 Moreover, even if Benj. Franklin had suffered a direct physical loss it would have been excluded as a "release, discharge or dispersal of pollutants." Asbestos is a pollutant as defined by the policy because it is a solid irritant. The policy excluded from coverage the release of a pollutant unless the release is caused by "any of the named causes of loss." Release of a pollutant installed in the building is not defined by the policy as a named cause of loss. Moreover, the policy excluded any coverage for Benj. Franklin's expense to remove the asbestos under the debris removal clause. The cost created by the asbestos removal would be excluded because it did not result from a named cause of loss.
 
 B
 
 8
 Nor was liability to third parties covered. The policy excluded any coverage for "bodily injury or property damage arising out of the actual, alleged, or threatened discharge, dispersal, release, or escape of pollutants ... at or from property you own, rent, or occupy or is leased or rented from you."
 
 
 9
 Thus, while Benj. Franklin owned the building in question and leased it to a commercial tenant, the pollutants exclusion bars it from any recovery under the liability policy.
 
 II
 
 10
 Benj. Franklin asks us to examine extrinsic evidence, and to consider documents that were not presented to the district court. We decline this invitation because the evidence is irrelevant. Under Oregon law a court should "generally exclude[ ] extrinsic evidence when the terms of an agreement have been reduced to writing." Port of Portland v. Water Quality Ins. Syndicate, 796 F.2d 1188, 1194 (9th Cir.1986). See also Or.Rev.Stat. § 41.740.
 
 
 11
 Nevertheless, an Oregon court may examine extrinsic evidence to aid in determining the meaning of even an unambiguous contract. Fireguard Sprinkler Sys., Inc. v. Scottsdale Ins. Co., 864 F.2d 648, 651 (9th Cir.1988). However, that is unnecessary in this case. Benj. Franklin's insurance policy "was neither ambiguous nor so technical as to require the court to hear parol evidence." Stayton Co-op Tel. Co. v. Lockheed Elec. Co., 717 P.2d 1283, 1286 (Or.App.), rev. denied, 725 P.2d 1294 (1986). See also Fred Meyer, Inc. v. Central Mut. Ins. Co., 235 F.Supp. 540, 544 (D.Or.1964).
 
 
 12
 Furthermore, this court will rarely if ever consider evidence that was not presented to the trial court. "The time for testing of proof is the time of trial." Locklin v. Switzer Bros., Inc., 299 F.2d 160, 169 (9th Cir.1961), cert. denied, 369 U.S. 861 (1962).
 
 III
 
 13
 Benj. Franklin cites as error the district court's refusal to allow amendment of its pleading to counterclaim against Great Northern for fraud. Benj. Franklin could have amended its pleading as a matter of course because Great Northern had not yet filed a responsive pleading. Fed.R.Civ.P. 15(a). Nevertheless, the district court did not abuse its discretion in denying the motions.
 
 
 14
 In an analogous case, we affirmed a district court's denial of a motion to amend the complaint because the new fraud claims "would not have altered the outcome." Sparling v. Hoffman Constr. Co., 864 F.2d 635, 638 (9th Cir.1988). Hence, it would have been futile to allow amendment of the complaint and then summarily to dismiss the action. See id.
 
 
 15
 In the present case, the district court denied Benj. Franklin's motions to amend for failure to state a claim with particularity and because the alleged facts were insufficient to state a claim for fraud. The district court did not abuse its discretion in denying Benj. Franklin's motions. We are satisfied that the alleged facts were insufficient and that amendment would be futile. Id.; see also Thomas-Lazear v. Federal Bureau of Investigation, 851 F.2d 1202, 1206-07 (9th Cir.1988); Gabrielson v. Montgomery Ward & Co., 785 F.2d 762, 765-66 (9th Cir.1986).
 
 
 16
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The multitude of unpublished and state trial court decisions cited and provided by the parties are not helpful in a case of contract interpretation, and were not considered in this appeal. This circuit does not regard unpublished cases as precedent and refuses to consider such decisions from other jurisdictions. United States v. Helmy, No. 89-10659, slip op. at 14666 n. 5 (9th Cir. Oct. 28, 1991). We also decline to consider unpublished dispositions of our own court and do not allow them to be cited to any court in this circuit. Ninth Circuit Rule 36-3