596 So.2d 96 (1992)
HAWK TERMITE & PEST CONTROL, INC., Appellant,
v.
OLD REPUBLIC INSURANCE COMPANY, Appellee.
No. 91-1037.
District Court of Appeal of Florida, Third District.
March 10, 1992.
Howard J. Hochman, Miami, for appellant.
Parenti, Falk & Waas and Norman M. Waas and Glenn P. Falk, Miami, for appellee.
Before NESBITT, FERGUSON and LEVY, JJ.
PER CURIAM.
An insured appeals an order granting summary judgment in insurer's favor. We affirm.
A Hawk Termite & Pest Control, Inc. (Hawk) customer brought an action against the pest control company alleging negligence in Hawk's performance of its duties, leading to termite damage to his residence. Hawk had inspected and subsequently treated the home. Hawk advised Old Republic, its insurer, of the claim. Old Republic denied coverage. Hawk forwarded to Old Republic a copy of the customer's complaint. Old Republic maintained its position that the claim did not fall within the coverage provisions of the policy.
The Old Republic policy insured Hawk against an "occurrence" causing bodily injury or property damage. The policy defined "occurrence" as:
An accident, including continuous or repeated exposure to conditions, which results in bodily injury or property damage, and which is neither expected nor *97 intended from the standpoint of the insured.
The policy contained exclusion endorsement BE-23(2)n which states:
This policy does not provide coverage for damages resulting from a delay in or lack of performance by or on behalf of the name insured of any contract or agreement, or the failure of the name insured's products or work performed by or on behalf of the name insured to meet the level of performance, quality, fitness or durability warranted or represented by the name insured.
Hawk undertook the defense of the underlying action and contemporaneously filed a declaratory judgment action to determine the company's rights under the Old Republic insurance contract. Hawk's subsequent motion for summary judgment was denied. Old Republic thereafter sought and was granted summary judgment upon the court's finding that Old Republic did not provide any coverage for the allegations contained in the customer's complaint.
The substance of the customer's complaint was that: Hawk knew of the termite infestation, but failed to determine the extent of infestation; that Hawk's attempts to eradicate the termites were ineffectual; and that Hawk refused to perform further treatments on the customer's dwelling. Based upon these allegations, Hawk claimed coverage under its Old Republic policy and additionally argued that Old Republic was obligated to defend the entire action notwithstanding the fact that both covered and non-covered claims had been commingled in the customer's underlying action.
When reviewed in the context of Old Republic's policy including the exclusion endorsement, it is clear that the customer was suing Hawk due to a "failure of the insured's ... to meet the level of performance, quality, fitness or durability ... represented by the named insured" and also because of "lack of performance."
No "occurrence" was alleged. See Escambia Chem. Corp. v. U.S. Fid. & Guar. Co., 212 So.2d 884 (Fla. 1st DCA 1968). The customer's claim of negligence was simply a claim of poor workmanship, clearly not covered under the terms of the insurance contract. See Ohio Cas. Ins. Co. v. Santos, 465 So.2d 672 (Fla. 2d DCA 1985) (Risk that employee of tree service would erroneously cut down tree, rather than topping it, was an uninsured business risk not covered by business insurance policy since loss was due to defective work and tree service was in best position to guard against defective work.)
The instant policy simply did not provide coverage to the exterminating company for a failure to perform service in a professional and workmanlike manner. See LaMarche v. Shelby Mut. Ins. Co., 390 So.2d 325 (Fla. 1980), citing Weedo v. Stone-E-Brick, Inc., 81 N.J. 233, 405 A.2d 788 (1979); see also Commercial Union Ins. Co. v. R.H. Barto Co., 440 So.2d 383 (Fla. 4th DCA 1983). If exclusions are clearly stated within an insurance policy, they will be upheld. Coleman v. Valley Forge Ins. Co., 432 So.2d 1368 (Fla. 2d DCA 1983).
Finally, the insured is correct in its assertion that where only portions of a complaint fall within the coverage of an insurance policy and other portions fall outside the policy, the insurer has a duty to defend the entire suit. Aetna Ins. Co. v. Waco Scaffold & Shoring Co., 370 So.2d 1149 (Fla. 4th DCA 1978). However, the instant complaint did not allege any facts which would bring the cause within the policy's coverage provisions, thus no duty to defend arose. See National Union Fire Ins. Co. v. Lenox Liquors, Inc., 358 So.2d 533 (Fla. 1977).
Accordingly, we affirm the order granting summary judgment in the insurer's favor.