699 So.2d 736 (1997)
LIBERTY MUTUAL INSURANCE COMPANY, a foreign corporation, Appellant,
v.
CAPELETTI BROS., INC., Appellee.
No. 96-370.
District Court of Appeal of Florida, Third District.
August 6, 1997.
Rehearing Denied October 15, 1997.
*737 Ralph Patino, Miami; Russo & Talisman, and Patrice A. Talisman, and Kimberly L. Boldt, Coconut Grove, for appellant.
McNary & Befera, and Steven P. Befera; Fowler, White, Burnett, Hurley, Banick & Strickroot, and Steven E. Stark, Miami, for appellee.
Before SCHWARTZ, C.J., and COPE and GERSTEN, JJ.

ON MOTION FOR REHEARING
PER CURIAM.
The motion for rehearing is granted. This court's order of May 5, 1997 is vacated, and the appeal is reinstated. The final judgment granting the appellee's motion for summary judgment is reversed, with directions that summary judgment be granted in favor of the appellant insurer.
This appeal involves a commercial liability insurance policy issued by appellant, Liberty Mutual Insurance Company ("insurer"), to subcontractor Community Asphalt Co. ("Community Asphalt"). Community Asphalt was hired by appellee/general contractor Capeletti Bros., Inc. ("Capeletti") to work on a road construction project. Under the terms of the contractor's agreement, Community Asphalt was required to obtain public liability insurance with respect to the operations performed by Capeletti.
Accordingly, Capeletti was named as an "additional" insured under the terms of Community Asphalt's insurance policy with Liberty Mutual. The pertinent policy terms provided:
1. Who is an insured (Section II) is amended to include as an insured the person or organization (called "additional insured") shown in the Schedule but only with respect to liability arising out of:
A. "Your work" for the additional insured(s) at the location designated above, or
B. Acts or omissions of the additional insured(s) in connection with their general supervision of "your work" at the location shown in the Schedule.
2. With respect to the insurance afforded these additional insured(s), the following additional provisions apply:
....
B. Additional Exclusions. This insurance does not apply to:
....
(3) "Bodily injury" or "property damage" arising out of any act or omission of the additional insured(s) or any of their employees, other than the general supervision of work performed for the additional insured(s) by you.
Thereafter, Capeletti and Community Asphalt were sued by a car passenger who was injured when the driver lost control while driving through the construction area. The complaint alleged in part that Capeletti was itself negligent in causing the accident by failing to follow standard procedures to ensure the safety of motorists driving through the construction area.
Liberty Mutual assumed Capeletti's defense under a reservation of rights based upon the exclusionary language of the policy regarding additional insureds. Coverage was to be provided to Capeletti only for vicarious liability based on the actions of Community Asphalt, and for any direct liability relating to negligent supervision. Liberty Mutual asserted no coverage existed with respect to any other acts of independent negligence on the part of Capeletti.
Capeletti disagreed, and filed a declaratory judgment action seeking a determination that the policy provided coverage for any of its acts of negligence. Both parties moved for summary judgment and the trial court entered summary judgment in favor of Capeletti.
*738 Where the provisions of the contract are clear and unambiguous, its contractual terms will be enforced as written. See Lindheimer v. St. Paul Fire and Marine Insurance Company, 643 So.2d 636 (Fla. 3d DCA 1994). As we have previously stated, it is not within the purview of the courts to create insurance coverage where none exists on the face of the insurance contract. See Universal Underwriters Insurance Company v. Fallaro, 597 So.2d 818 (Fla. 3d DCA 1992).
Thus where an insurance contract contains a clearly stated exclusionary provision, such a provision will be interpreted in accordance with its plain meaning and will be upheld. See Hawk Termite & Pest Control, Inc. v. Old Republic Insurance Company, 596 So.2d 96 (Fla. 3d DCA 1992). Here the policy's exclusionary clause specifically excludes coverage for "bodily injury ... arising out of any act or omission of the additional insured(s) ... other than the general supervision of work performed for the additional insured(s)." Capeletti is covered as an additional insured for any vicarious liability based on the acts or omissions of Community Asphalt. However, we find the plain meaning of this language does not provide Capeletti coverage for its acts of negligence that do not constitute supervision of Community Asphalt's work. See First Insurance Company of Hawaii, Inc. v. State, 66 Haw. 413, 665 P.2d 648 (1983).
Accordingly, we reverse the trial court order granting summary judgment in favor of Capeletti with instructions that summary judgment be entered in favor of Liberty Mutual. See Hawk Termite & Pest Control, Inc. v. Old Republic Insurance Company, 596 So.2d at 97; First Insurance Company of Hawaii, Inc. v. State, 665 P.2d at 655.
Reversed and remanded with instructions.