977 P.2d 608 (1999)
95 Wash.App. 563
Dennis HAYDEN, Randy Hayden, and Cosmas St. Hilaire, d/b/a Hayden Farms, Appellants,
v.
MUTUAL OF ENUMCLAW INSURANCE CO., a Washington corporation, Respondent.
No. 17579-1-III.
Court of Appeals of Washington, Division 3, Panel Eight.
April 15, 1999.
Publication Ordered May 25, 1999.
John J. Carroll, Velikanje, Moore & Shore, Yakima, for Appellants.
Jeffory E. Adams, Murray, Dunham & Murray, Seattle, for Respondent.
BROWN, J.
We review a claim of breach of duty to defend and indemnify brought by Hayden Farms on an assignment against Mutual of Enumclaw (MOE). The trial court granted *609 summary judgment dismissing Hayden Farms' declaratory complaint. The trial court ruled MOE (1) had no coverage, (2) no duty to indemnify, and (3) no duty to defend. We agree that the policy excludes indemnification for deficient performance and poor workmanship, and affirm.

FACTS
In the spring of 1988, Dennis Hayden, Randy Hayden and Cosmas St. Hilaire, d/b/a Hayden Farms, planted rootstock intending to graft fruit buds to create fruit trees. Hayden Farms contracted with James Krause to graft scion to produce different varieties of fruit. Scion is a living part of a plant that is grafted on another living plant. For ease of understanding, we will refer to scion as buds. Mr. Krause obtained plum buds for the process while Hayden Farms obtained peach and nectarine buds. The buds were damaged during winter storage in the care of Mr. Krause and the parties delayed the grafting until the late summer of 1989. Delays in grafting postponed fruit production.
Hayden Farms obtained new peach and nectarine buds. Mr. Krause grafted the buds onto the rootstock in September 1989. Less than 10 percent of the buds successfully grafted onto the rootstock. Mr. Krause accepted the blame. He opined the failure was caused by his use of a new tape that did not function as he expected. Hayden Farms concluded after studying the problem that the failure was due to poor technique and improper materials. The rootstock was undamaged. Mr. Krause agreed to try again in the spring of 1990. Hayden Farms obtained new buds and gave them to Mr. Krause for storage. The buds rotted in storage because Mr. Krause incorrectly stored them. The rootstock remained undamaged.
Hayden Farms filed suit against Mr. Krause for breach of contract and negligence alleging Mr. Krause had contracted to graft orchard trees and improperly performed the work. Hayden Farms claimed Mr. Krause's actions delayed crop production and therefore it suffered economic loss.
Mr. Krause had liability insurance with MOE. MOE declined Mr. Krause's tender of defense. MOE claimed it had no duty to defend or indemnify Mr. Krause because of exclusions in the insurance policy.
Hayden Farms and Mr. Krause entered into a settlement agreement. A default judgment was entered against Mr. Krause in the amount of $498,969.51. Mr. Krause assigned all of his rights against MOE to Hayden Farms and Hayden Farms agreed not to execute the judgment against Mr. Krause.
Hayden Farms brought a declaratory judgment action against MOE claiming a bad faith denial of coverage and damages. MOE answered and asked the court to declare no coverage under the policy and to find the settlement agreement unreasonable. Summary judgment was granted to MOE and denied to Hayden Farms. Hayden Farms' suit was dismissed. It appealed.

ANALYSIS
The issue is whether the trial court erred by granting summary judgment to MOE based on exclusion (h) of its policy with Hayden Farms and concluding no indemnity coverage existed and therefore, no duty to defend. Because we believe this issue is dispositive, we assume for purposes of argument that "property damage" caused by an "occurrence" was before the trial court.
Review is de novo. Gunnier v. Yakima Heart Ctr., Inc., 134 Wash.2d 854, 858, 953 P.2d 1162 (1998). When reviewing an order of summary judgment, we engage in the same inquiry as the trial court. Stuart v. American States Ins. Co., 134 Wash.2d 814, 818, 953 P.2d 462 (1998). That inquiry is whether "`the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Id. (quoting CR 56(c)). The court must consider all facts submitted and all reasonable inferences from the facts in the light most favorable to the nonmoving party. Weyerhaeuser Co. v. Aetna Cas. & Sur. Co., 123 Wash.2d 891, 897, 874 P.2d 142 (1994).
*610 As an initial matter, Hayden Farms claims MOE is estopped from arguing that the allegations of the complaint fall outside the indemnity coverage of the insurance policy because it did not mention this ground for denying coverage in its denial letter. Hayden Farms relies on WAC 284-30-380 for its contention:
(1) Within fifteen working days after receipt by the insurer of properly executed proofs of loss, the first party claimant shall be advised of the acceptance or denial of the claim by the insurer. No insurer shall deny a claim on the grounds of a specific policy provision, condition, or exclusion unless reference to such provision, condition, or exclusion is included in the denial. The denial must be given to the claimant in writing and the claim file of the insurer shall contain a copy of the denial.
(2) If a claim is denied for reasons other than those described in subsection (1) and is made by any other means than writing, an appropriate notation shall be made in the claim file of the insurer.
WAC 284-30-380 (emphasis added).
A statute should be read as a whole, viewing all provisions in relation to the others. State v. Thorne, 129 Wash.2d 736, 761, 921 P.2d 514 (1996). Rules of statutory construction apply equally to administrative rules and regulations. See State v. McGinty, 80 Wash.App. 157, 160, 906 P.2d 1006 (1995).
Without citation to other authority, Hayden Farms focuses solely on the language in subsection (1) for its contention. However, the language in subsection (2) clearly permits an insurer to deny a claim by other means. Furthermore, Hayden Farms has not shown it was prejudiced by MOE's failure to raise this ground in its declination letter. See Bosko v. Pitts & Still, Inc., 75 Wash.2d 856, 864, 454 P.2d 229 (1969) (estoppel availability limited to circumstances where prejudice shown). We turn now to the merits.
An insurer has no duty to defend its insured for acts specifically excluded from the policy. Safeco Ins. Co. v. McGrath, 42 Wash.App. 58, 61, 708 P.2d 657 (1985), review denied, 105 Wash.2d 1004 (1986). Exclusions should be strictly construed against the insurer. Stuart, 134 Wash.2d at 819, 953 P.2d 462.
Exclusion (h) provides:
This insurance does not apply:
. . . .
(h) to loss of use of tangible property which has not been physically injured or destroyed resulting from
(1) a delay in or lack of performance by or on behalf of the NAMED INSURED of any contract or agreement, or
(2) (2) the failure of the NAMED INSURED'S PRODUCT or work performed by or on behalf of the NAMED INSURED to meet the level of performance, quality, fitness and durability warranted or represented by the NAMED INSURED
but this exclusion does not apply to loss of use of other tangible property resulting from the sudden and accidental physical injury to or destruction of the NAMED INSURED'S PRODUCTS or work performed by or on behalf of the NAMED INSURED after such products or work have been put to use by any person or organization other than an INSURED.
In Milgard Mfg., Inc. v. Continental Ins. Co., 92 Or.App. 609, 759 P.2d 1111 (1988), the plaintiff sued the insured alleging the insured produced window assemblies that were improperly tempered. The plaintiff contended the deficient assemblies caused, among other things, a delay in the completion and occupancy of the building with a resulting loss of rental income. The court, analyzing the same exclusion as the one in the present case, held:
The delay in completion and occupancy alleged by the owner is an injury which constitutes "loss of use of tangible property which has not been physically injured or destroyed," and is therefore property damage to which the coverage provision clearly *611 applies. However, that injury also comes squarely within [the] exclusion.
Id. at 613, 759 P.2d 1111.
In Hawk Termite & Pest Control, Inc. v. Old Republic Ins. Co., 596 So.2d 96 (Fla.App. 1992), the insured inspected and treated a customer's home. The customer subsequently sued the insured alleging negligence in its performance leading to termite damage of the customer's residence. Specifically, the customer's complaint averred the insured failed to determine the extent of the termite infestation, its attempts to eradicate the termites were ineffectual and the insured refused to perform further treatments of the house. On appeal, the court held there was no coverage. In construing a similar exclusion, the court concluded: "The instant policy simply did not provide coverage to the exterminating company for a failure to perform service in a professional and workmanlike manner." Id. at 97.
Certainly, the duty to defend is broader than the duty to indemnify. Safeco, 42 Wash.App. at 61, 708 P.2d 657. "An insurer has no duty to defend its insured, however, for acts specifically excluded from the policy." Id. Said another way "alleged claims which are clearly not covered by the policy, relieve the insurer of its right and duty to defend." State Farm General Ins. Co. v. Emerson, 102 Wash.2d 477, 486, 687 P.2d 1139 (1984) (citations omitted).
In his deposition, Dennis Hayden stated:
Q: And after Mr. Krause did his work, which I understand you think was fairly poor, the net result was that you ended up with the same rootstock there and still without any fruit on it?
A: Correct.
Q: But there was nothing physically wrong with the rootstock?
A: No.
Q: So your loss, which you're claiming, is simply a delay in your ability to have these trees go to orchard and produce fruit you hoped to sell?
A: Correct.
Mr. Hayden's testimony indicates no factual issue remained regarding coverage. He states the crop loss resulted from Mr. Krause's poor work and the accompanying delay. We do not doubt the potential for economic loss. However, we conclude recovery under the policy is precluded by exclusion (h). Therefore, the trial court did not err when it granted MOE's motion for summary judgment because MOE clearly had no duty to indemnify.
In sum, Hayden Farms' complaint states it suffered crop losses because of delay resulting from Mr. Krause's deficient performance of grafting the fruit buds. Delay in performance, breach of warranty, or poor work quality is excluded from coverage. This result comports with the principle that "[w]hen an insurer issues a general liability policy, it is not issuing a performance bond, product liability insurance, or malpractice insurance." Aetna Cas. & Surety Co. v. M & S Indus., Inc., 64 Wash.App. 916, 921, 827 P.2d 321 (1992).

CONCLUSION
We hold the trial court did not err by granting summary judgment to MOE and dismissing Hayden Farms' complaint for declaratory judgment. Exclusion (h) is specific and clear. It operates to exclude Hayden Farms' claims of delayed performance and poor workmanship. MOE's policy is not a performance bond guaranteeing that Mr. Krause would perform quality work, it is a liability policy. In light of our holding, we need not reach Hayden Farms' other contentions.
Affirmed.
KURTZ, A.C.J., and SWEENEY, J., concur.