936 So.2d 40 (2006)
CHURCH & TOWER OF FLORIDA, INC.
v.
BELLSOUTH TELECOMMUNICATIONS, INC., and Liberty Mutual Fire Insurance Company, Appellees.
No. 3D05-437.
District Court of Appeal of Florida, Third District.
July 19, 2006.
Rehearing Denied September 8, 2006.
*41 Richard A. Sherman, Fort Lauderdale; Julio C. Acosta, Miami, and Michelle C. Lopez, for appellant.
Gordon, Hargrove & James, John R. Hargrove, Carol A. Gart and Scott Markowitz, Fort Lauderdale, for appellees.
Before GERSTEN, SUAREZ, and ROTHENBERG, JJ.
SUAREZ, J.
Church & Tower of Florida, Inc. ("Church & Tower"), appeals an order granting summary judgment on indemnity in favor of Bellsouth Telecommunications, Inc. ("Bellsouth"). We affirm.
Bellsouth's claim for indemnity arises out of a contract between the two parties which contains an indemnity provision. In 1995, Church & Tower entered into the contract in question with Bellsouth in which Church & Tower agreed to replace and relocate Bellsouth utility poles in North Dade County. The contract contains the following indemnity provision:
[T]he Contractor [Church & Tower] further specifically agrees to indemnify and hold harmless the Indemnitees from all Liabilities, by reason of any injury, death, or damage to any person or property whatsoever, caused by, arising from, incident to, or connected with the performance or nonperformance of the work contemplated by this Contract which is, or is alleged to be, caused in part (whether joint, concurrent, or contributing) or in whole by any act, omission, default, or negligence (whether active or passive) of the Indemnitees.
In 2001, Church & Tower replaced a pole at Bellsouth's direction. A construction worker nailing plywood to an adjacent building was severely injured when his nail gun came in contact with electrical wires installed on the pole by FPL. The worker's guardian sued FPL and Bellsouth alleging negligence in the placement of the pole and the attachment of the electrical lines too close to the building. Bellsouth cross-claimed against Church & Tower for contractual indemnity. The trial court granted summary judgment in favor of Bellsouth on the cross-claim finding that the indemnity provision required Church & Tower to indemnify Bellsouth for the claim. Church & Tower appeals.
We review the construction of the indemnity clause of the contract de novo. See Team Land Dev., Inc. v. Anzac Contractors, Inc., 811 So.2d 698 (Fla. 3d DCA 2002). We find that the terms of the indemnity clause are unambiguous and that the clear provisions of the contract require Church & Tower to indemnify Bellsouth for any alleged acts of negligence arising out of work performed by Church & Tower under the contract, see Taurus Holdings, Inc. v. U.S. Fid. & Guar. Co., 913 So.2d 528 (Fla.2005) (term "arising out of" used in indemnification clause unambiguous); Liberty Mut. Ins. Co. v. Capeletti Bros., Inc., 699 So.2d 736 (Fla. 3d DCA 1997) (court must give effect to plain meaning of contract), and hold that the indemnification clause is valid and enforceable. See Univ. Plaza Shopping Ctr. v. Stewart, 272 So.2d 507 (Fla.1973); Metro. Dade County v. CBM Indus., 776 So.2d 937 (Fla. 3d DCA 2000). Specifically, the clause requires Church & Tower (the Contractor) to indemnify Bellsouth (the Indemnitee) for all liabilities alleged to have been caused by Bellsouth arising from or connected with the work performed by Church & Tower pursuant to *42 the contract. The complaint alleges that Bellsouth's negligence in placing the pole too close to the building was a cause of the injuries sustained. As the allegations arise out of the work contracted for by Church & Tower, the provision requires Church & Tower to indemnify Bellsouth.
The summary judgment on indemnity in favor of Bellsouth is affirmed.