# In the

# United States Court of Appeals
## For the Seventh Circuit

———————

No. 03-3031

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

REGINALD K. TOWNSEND,

*Defendant-Appellant.*

———————

Appeal from the United States District Court for the
Northern District of Indiana, South Bend Division.
No. 02 CR 18—**Robert L. Miller, Jr.**, *Chief Judge.*

———————

ARGUED APRIL 1, 2005—DECIDED AUGUST 19, 2005

———————

Before EASTERBROOK, MANION, and ROVNER, *Circuit Judges.*

ROVNER, *Circuit Judge.* Reginald Townsend was convicted of bank robbery by force or violence in violation of 18 U.S.C. § 2113 (a) and (d) and a separate count of brandishing a firearm during a crime of violence in violation of 18 U.S.C. § 924(c). On July 23, 2003, the district court issued an order which sentenced Townsend to imprisonment of 300 months for count one of his conviction and 84 months for count two, with the terms to run consecutively. The sentence was enhanced by the district court's determination

that Townsend was a career offender under United States Sentencing Guideline § 4B1.1, based on his two prior convictions for crimes of violence. Townsend appeals his sentence on the basis that one of his prior robbery convictions should not be considered a crime of violence, and therefore, he should not have been classified as a career offender. Our recent decision in *United States v. Lewis*, 405 F.3d 511, 514-15 (7th Cir. 2005), is dispositive of this issue, wherein we determined that robbery under the Indiana statute at issue here "*always* is a 'crime of violence.'"

At his sentencing hearing on July 18, 2003, Townsend argued that his 1998 robbery conviction under Indiana statute 34-42-5-1, a Class C felony, was not a crime of violence because he was unarmed when the crime was committed. Rather than examine the facts of this previous conviction, the district court relied on Note 1 of U.S.S.G. § 4B1.2 to find that the robbery conviction would be considered a crime of violence based on the charging documents. "[Note 1] says, in language that could hardly be more clear, 'crime of violence includes robbery.'" Sentencing Memorandum at A-2. Furthermore, the sentencing guideline defines "crime of violence" as:

> Any offense under Federal or State law, punishable by imprisonment for a term exceeding one year that,
>
>> 1. Has an element the use, attempted use, or threatened use of physical force against the person of another

U.S.S.G. Section 4B1.2. The district court found that the Indiana robbery statute categorically fell within the definition of the sentencing guideline section defining crimes of violence, because "[t]he Indiana statute makes intimidation (or force) an element of the crime." Sentencing Memorandum at A-2. The district court therefore found both of Townsend's prior robbery convictions to be crimes of violence without viewing the underlying facts of each con-

viction. Section 4B1.1 provides that a defendant is a career offender if he is over 18 years of age and has at least two prior convictions of crimes of violence. Accordingly, the district court's conclusion that the robbery offense was for a crime of violence resulted in an increase in Townsend's base offense level for sentencing purposes from 20 to 34.

Townsend appeals his sentence and asks that we remand the case to the district court for that court to review the underlying facts of the prior conviction in determining whether it constituted a crime of violence. The only relevant facts of the 1998 conviction are that the robbery was committed unarmed but that Townsend obtained money from the cashier through the implicit threat of force, by verbally referring to a gun. Even a factual inquiry into the circumstances of the offense would not likely be particularly helpful to Townsend, as a court could easily conclude that the crime was indeed one of violence as a robbery involving a verbal threat of force.

However, the circumstances of the case are not relevant in characterizing Townsend's prior convictions. The Supreme Court has found that in assessing prior convictions to determine whether they are crimes of violence, the review is "limited to examining the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." *Shepard v. United States*, ___ U.S. ___, 125 S. Ct. 1254, 1257 (2005). Essentially, the court is limited to considering only the evidence that allows the court to conclude that the conviction necessarily rested on the elements which identify the crime as a crime of violence. When there is no ambiguity in the charging documents or in the statutory definition of the crime, it is not necessary to undertake a factual review.

There is neither ambiguity in the charging document in this case nor in the statutory definition of the crime of rob-

bery under Indiana law. The statute provides:

> A person who knowingly or intentionally takes property from another person or from the presence of another person:
>
>> (1) by *using or threatening the use of force on any person*; or
>>
>> (2) by *putting any person in fear*; commits robbery, a Class C felony.

Ind. Code 35-42-5-1 (emphasis added). This circuit has addressed this statute in *Lewis*, and held that robbery under that statute "*always* is a 'crime of violence.'" *Lewis*, 405 F.3d at 515. In *Lewis*, the case had to be remanded for resentencing because the court improperly considered what Lewis was alleged to have done instead of examining the elements of the crime of robbery or examining the categorical risks of robbery. We held that "[r]obbery entails taking property from the person of another by force or threat and so is a crime of violence under subsection (1). . .Even if the offender uses a threat rather than actual force, the victim may retaliate or flee, and violence erupt; this risk makes robbery a crime of violence under subsection (2)." *Lewis*, 405 F.3d at 514. Therefore, Townsend's conviction for robbery under Indiana Code 35-42-5-1 was for a crime of violence, and the district court properly determined that he was a career offender.

In supplemental briefing to this court, Townsend also raises a challenge to his sentence based on the Supreme Court's decision in *United States v. Booker*, ___ U.S. ___, 125 S. Ct. 738 (2005). The Court in *Booker* held that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty of a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Id.* at 756. This holding need

not concern us here, because rather than arguing that the district court erred in making fact-findings, Townsend argues the opposite—that the district court should have made fact-findings regarding his prior conviction. Another aspect of the *Booker* decision, however, could conceivably impact Townsend's sentence. In *Booker*, the Supreme Court invalidated the mandatory application of the Guidelines, holding that district courts are obligated to consider the Guidelines but are not bound by them. *Id.* at 767. That decision applies to all cases pending on direct review, and accordingly it was error for the district court to treat the Guidelines as binding. Because the issue was not raised below, Townsend must establish not only error, but plain error, in order to obtain relief, which requires a showing that the error in treating the Guidelines as mandatory affected his substantial rights. *United States v. Williams*, 410 F.3d 397, 403-04 (7th Cir. 2005). The record does not reveal whether the district court might have sentenced him to a lesser sentence had it known of the advisory nature of the Guidelines, and therefore whether the error was one affecting his substantial rights. *See United States v. Paladino*, 401 F.3d 471, 483 (7th Cir. 2005). In accordance with *Booker*, we must remand the case to the district court for that determination. If the district court indicates that it would be inclined to impose a lesser sentence, then Townsend will have demonstrated plain error, and we will vacate the sentence and remand for resentencing. *Williams*, 410 F.3d at 404; *Paladino*, 401 F.3d at 484. On the other hand, if the district court determines that it would not be inclined to impose a lower sentence given the advisory nature of the Guidelines, we will consider only whether the sentence was plainly erroneous in the sense of being unreasonable. *Williams*, 410 F.3d at 404; *Paladino*, 401 F.3d at 484.

Accordingly, because the district court sentenced Townsend believing that the Guidelines were binding

rather than advisory, we order a limited remand for the district court to determine whether it would be inclined to sentence Townsend to a lesser sentence given that discretion. We retain appellate jurisdiction pending the outcome of this remand.

**A true Copy:**

      **Teste:**

                      _____

                      ***Clerk of the United States Court of***
                          ***Appeals for the Seventh Circuit***