In the

# United States Court of Appeals
## For the Seventh Circuit

———————

No. 05-1866

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

DOUGLAS M. THIGPEN,

*Defendant-Appellant.*

———————

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 03 CR 1084—**Milton I. Shadur**, *Judge.*

———————

ARGUED JUNE 9, 2006—DECIDED AUGUST 7, 2006

———————

Before RIPPLE, MANION, and SYKES, *Circuit Judges.*

MANION, *Circuit Judge.* In October 2003, Douglas Thigpen robbed a TCF Bank branch in a Jewel grocery store in Glendale Heights, Illinois. He threatened a teller and escaped with $2,204 in cash. Thigpen eventually was caught and pleaded guilty to bank robbery in violation of 18 U.S.C. § 2113(a).

At sentencing, the district court found that Thigpen had three prior convictions that qualified him for the application of the career offender guideline, U.S.S.G. § 4B1.1 (2004). Specifically, the court determined that a 1990 conviction for

robbery and a 1999 conviction for aggravated battery constituted crimes of violence for purposes of the career offender guideline, while a 1992 conviction for possession of a controlled substance with intent to deliver comprised a controlled substance offense. Based on the resulting guideline range, the district court imposed a sentence of 151 months' imprisonment. The district court also ordered restitution in the amount of $2,204, payable in sixty days.

Thigpen first challenges the district court's analysis under the career offender guideline, claiming that the court's actions ran afoul of *Shepard v. United States*, 544 U.S. 13 (2005). The government responds that Thigpen waived this challenge when he failed to present it below. Waiver, of course, is the intentional relinquishment and abandonment of a known right, which precludes appellate review. *See United States v. Ortiz*, 431 F.3d 1035, 1038 (7th Cir. 2005). By contrast, forfeiture is simply the failure to make a timely assertion of a right and leads to plain error review. *Id*. We construe waiver principles liberally in favor of a defendant. *See id*.

Thigpen did not waive his *Shepard* argument. In both his sentencing memoranda and at the sentencing hearing, Thigpen concentrated his challenge on a contrary reading of *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), claiming that he was entitled to a jury determination of his prior convictions. Since the Supreme Court held otherwise, the effect of the challenge was to preserve the issue. Thigpen, however, also cited *Shepard* in his supplemental sentencing memorandum, mentioning the diminished reliability of police reports for career offender purposes. While he did not properly develop a *Shepard* argument for the district court's consideration, at no point in the record did Thigpen evince a desire to discard any such argument.

This is forfeiture, not waiver, and therefore we review for plain error. *See United States v. Rogers*, 382 F.3d 648, 650 (7th Cir. 2004).

Nonetheless, Thigpen gains nothing from review of this issue. Generally, the career offender guideline increases a felon's offense level if he has at least two prior felony convictions of either a crime of violence or a controlled substance offense. U.S.S.G. § 4B1.1(a). The guidelines define a crime of violence as an offense under federal or state law, punishable by imprisonment for more than year, that "has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 4B1.2(a)(1). A controlled substance offense is an offense under federal or state law, punishable by imprisonment for more than a year, "that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance [ ], or possession of a controlled substance [ ], with intent" to commit one of the listed, prohibited deeds. U.S.S.G. § 4B1.2(b).

The assessment of whether a prior offense qualifies for a recidivist enhancement, such as the career offender guideline, depends on the crime of conviction, not on what the defendant actually did while committing the crime. *See United States v. Lewis*, 405 F.3d 511, 513-14 (7th Cir. 2005). When determining whether a prior conviction falls into one of the enhancement categories, a district court may only consider "conclusive records made or used in adjudicating guilt." *Shepard*, 544 U.S. at 20-21[1]. The district court is "limited to examining the statutory defini-

---

[1] Although the *Shepard* decision arose under the Armed Career Criminal Act, we have subsequently applied its holding to the career offender guideline. *See United States v. McGee*, 408 F.3d 966, 988 (7th Cir. 2006).

tion, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding made by the trial judge to which the defendant assented." *Id.* at 16. A district court cannot try to supplement its knowledge about the actual crime of conviction with facts from other sources for purposes of its enhancement determination. *See, e.g., United States v. Hagenow*, 423 F.3d 638, 644 (7th Cir. 2005). To apply a recidivist enhancement, therefore, a district court may go no further than documents directly establishing what the conviction is. *See United States v. Townsend*, 419 F.3d 663, 664 (7th Cir. 2005).

On appeal Thigpen argues that the district court erred by considering the pre-sentence report (the "PSR"), which in turn relied on police reports and other background documents, in drawing its conclusions about the prior convictions. Thigpen's argument is misplaced. As an initial matter, nothing in the record suggests that the district court relied on the PSR when drawing its conclusions about the nature of the prior offenses. In any event, the district court did not violate *Shepard*. The district court referenced three prior crimes, and each qualifies on its face for one of the two categories for the career offender enhancement. The comment to the "crime of violence" definition in the guidelines specifically notes that robbery is a crime of violence, U.S.S.G. § 4B1.2 cmt. n.1 (2004), and we have stated that "robbery always is a 'crime of violence.'" *Lewis*, 405 F.3d at 515. Next, under Illinois law, aggravated battery involves the use or threatened use of force against another person and is punishable by imprisonment for more than a year. 720 ILCS 5/12-4. This crime also meets the requirements for a crime of violence. Finally, the conviction for possession with intent to deliver under 720 ILCS 570/401 constitutes a controlled substance offense, as it involves "possession of a controlled substance with intent to . . . distribute[ ] or

dispense[ ]" and is punishable by imprisonment for more than a year. U.S.S.G. § 4B1.2(b). Thigpen does not claim that any of this information was inaccurate. The district court, therefore, did not have to go beyond the actual convictions to find additional facts (about what Thigpen actually did) for its enhancement determination. *See United States v. Carpenter*, 406 F.3d 915, 917 (7th Cir. 2005). While the PSR certainly contained more information than merely the crimes of conviction, this would only be a problem if the district court used these facts to establish a crime of violence or controlled substance offense. Here the properly considered records established that the prior convictions constituted a crime of violence or controlled substance offense. Thus, the district court did not err when applying the career offender guideline.

Thigpen also claims that the district court erred by failing to set a restitution schedule. Thigpen did not object to the restitution order, so we review for plain error. *See United States v. Pandiello*, 184 F.3d 682, 687 (7th Cir. 1999). To establish plain error, Thigpen has to demonstrate a clear error that affects a substantial right and, moreover, impacts "the fairness, integrity, or public reputation of judicial proceedings." *United States v. Olano*, 507 U.S. 725, 733-34, 736 (1993).

The district court ruled that the entire amount of the restitution was due and payable sixty days after sentencing. This court has recently emphasized that the statutory restitution scheme requires a sentencing court to set a payment schedule, taking into account the defendant's financial resources, obligations, and projected earnings. *See United States v. Day*, 418 F.3d 746, 761 (7th Cir. 2005); 18 U.S.C. § 3664(f)(2). In *Day*, we explicitly opposed a district court's attempt to minimize its responsibility to set a

restitution schedule by ordering "immediate" payment. *Day*, 418 F.3d at 761. Such an arrangement effectively transfers the district court's responsibility for setting a restitution schedule to the probation office, which is inconsistent with the statute. *See id*.; *see also Pandiello*, 184 F.3d at 688. The district court's restitution order in the present case, which does no more than set payment in sixty days, has precisely this defect, and once again transfers authority properly employed by the court to the probation office. Such delegation of power from the district court to the probation office " 'deprives the defendant of a substantial right' and constitutes 'a serious structural defect' affecting the integrity of the judicial proceedings." *Pandiello*, 184 F.3d at 688 (quoting *United States v. Mohammad*, 53 F.3d 1426, 1438-39 (7th Cir. 1995)). This constitutes plain error.

While the district court properly followed *Shepard* when applying the career offender guideline, the district court did not apply proper procedures in its restitution order. We, therefore, AFFIRM Thigpen's sentence, but VACATE the restitution order and REMAND for the imposition of a proper restitution schedule consistent with our opinion in *Day*.

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*