UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 29, 2006[*]
Decided November 29, 2006

**Before**

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 05-4779

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division |
| *v.* | No. 05-CR-153-1 |
| WILLIAM SLATE, *Defendant-Appellant.* | Rebecca R. Pallmeyer, *Judge.* |

**O R D E R**

William Slate pleaded guilty to one count of bank robbery in violation of 18 U.S.C. § 2113(a). In his plea agreement, he waived his right to appeal his sentence, and was sentenced to 78 months' imprisonment and three years' supervised release. In addition, he was ordered to make restitution under the Mandatory Victims Restitution Act (MVRA), 18 U.S.C. § 3663A, of $81,000, the amount he stole from the bank. The district court ordered that payment of this monetary penalty was due "in full" to begin "immediately." But the court did not consider Slate's financial condition or otherwise set a payment schedule.

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

On appeal, Slate argues that the district court erred when it failed to consider his financial situation and establish a specific payment schedule as required by *United States v. Day*, 418 F.3d 746 (7th Cir. 2005). Slate is indigent; he has been incarcerated since 2005, has no assets, and has earned only minimal income in the past. Slate did not object to the restitution order before the district court, however, so our review is for plain error. *See United States v. Thigpen*, 456 F.3d 766, 771 (7th Cir. 2006).

As the government concedes, the district court plainly erred when it failed to impose a restitution payment schedule. We have emphasized in recent cases that the MVRA "requires a sentencing court to set a payment schedule, taking into account the defendant's financial resources, obligations, and projected earnings." *Id.*; *Day*, 418 F.3d at 761; *see also* 18 U.S.C. § 3664(f)(2). The district court's failure to consider Slate's resources and set a schedule effectively delegated its responsibility to the probation office, which is inconsistent with the MVRA. *See Thigpen*, 456 F.3d at 771; *Day*, 418 F.3d at 761; *United States v. Pandiello*, 184 F.3d 682, 688 (7th Cir. 1999). Such a delegation deprives the defendant of a substantial right and constitutes plain error warranting, as the government agrees, a remand. *Thigpen*, 456 F.3d at 771; *see also Pandiello*, 184 F.3d at 688; *United States v. Mohammad*, 53 F.3d 1426, 1438-39 (7th Cir. 1995). And, as the government also does not dispute, Slate's appeal waiver in his plea agreement does not foreclose this appeal because his waiver applied only to the conviction and sentence, and not to the order of restitution. *See United States v. Behrman*, 235 F.3d 1049, 1052 (7th Cir. 2000).

Accordingly, we AFFIRM Slate's sentence, but VACATE the restitution order and REMAND for the imposition of a restitution schedule consistent with our opinion in *Day*.