UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued November 9, 2006
Decided December 8, 2006

**Before**

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 05-4619

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States |
| *Plaintiff-Appellee*, | District Court for the Northern |
| | District of Illinois, Eastern Division |
| *v.* | |
| | No. 04-CR-30-1 |
| JOHN LAKES, | |
| *Defendant-Appellant*. | John W. Darrah, |
| | *Judge*. |

**ORDER**

John Lakes pleaded guilty to various charges stemming from a scheme to misuse credit-card numbers "skimmed" from customers at several restaurants and a hotel in Chicago. The district court sentenced Lakes to a total of 40 months in prison, which was the middle of the guidelines range. Lakes appeals his sentence on the grounds that (1) the district court should have given him credit for a fully discharged state sentence he served for a related crime, and (2) the term imposed is unreasonable. We affirm.

Lakes and three coconspirators stole credit-card numbers and encoded the information on fraudulent cards, which they used to purchase nearly $20,000 worth of merchandise. The probation officer calculated a guidelines imprisonment range

of 37 to 46 months. Lakes objected to several aspects of this calculation, including the lack of any reduction under U.S.S.G. § 5G1.3(b)(1) for the six months he already served in state prison for a related offense. He argued that § 5G1.3(b)(1) should apply because his discharged state term was "served as a result of conduct taken into account in determining the guidelines range for the instant offense and will not be credited to the federal sentence by the Bureau of Prisons." Lakes did not argue that any other subsection of § 5G1.3 should apply or challenge the constitutionality of that section or any other. The district court held that § 5G1.3(b)(1) did not apply because Lakes failed to meet two of the guideline's three requirements. First, § 5G1.3(b)(1) applies only to undischarged state sentences, but Lakes's state prison term was fully discharged a year before his federal sentencing. Second, § 5G1.3(b)(1) applies only when the prior offense was the basis for an increase in the offense level, but the conduct underlying Lakes's state charge did not impact his offense level under the guidelines.

On appeal, Lakes has abandoned his contention that his sentence should have been reduced under a straightforward application of § 5G1.3(b)(1). Now, instead of arguing that the district court misapplied § 5G1.3(b)(1), Lakes argues for the first time that the court violated his rights to equal protection and due process because subsection (c) of § 5G1.3 allows federal credit for undischarged state sentences, but not for discharged state sentences. Because Lakes did not challenge the constitutionality of § 5G1.3 in the district court, he has forfeited this argument. *United States v. Thigpen*, 456 F.3d 766, 769 (7th Cir. 2006). Review is thus for plain error. *Id.*

Subsection (b) of § 5G1.3 provides that a sentencing range must be adjusted downward to account for time already served on certain undischarged state sentences. In cases where subsection (b) does not apply (e.g., because the prior conviction did not affect the offense-level computation), the district court has discretion under § 5G1.3(c) to impose a sentence "to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense." U.S.S.G. § 5G1.3(c). An application note advises that while subsection (c) does not allow the court to adjust the guidelines range to account for the completed portion of the undischarged sentence, the court may "downwardly depart" from the range in "extraordinary circumstances." U.S.S.G. § 5G1.3 cmt. n.3(E).

Lakes's argument, then, is that this scheme violates his rights to equal protection and due process because it allows the district court in "extraordinary circumstances" to impose a sentence that accounts for an undischarged state sentence, but not a similar discharged sentence. But whatever merit this argument may have had in the past, after *United States v. Booker*, 543 U.S. 220 (2005), this

perceived discrepancy is wholly illusory. Under *Booker* the sentencing guidelines are merely advisory. *United States v. Dean*, 424 F.3d 725, 728 (7th Cir. 2005). After calculating the guidelines range, the district court must then consider the factors listed in 18 U.S.C. § 3553(a) to determine whether a sentence within the guidelines range is appropriate. *Id.* And a sentence within the guidelines range—such as Lakes's—is presumptively reasonable. *See United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005). Hence, if Lakes believed that the sentencing guidelines did not adequately address his circumstance, it was his burden to spotlight that contention with the district court in an effort to rebut the presumption. *Id.* His point is that the guidelines encourage a *departure* if the prior sentence is undischarged but not if it has been fully served, yet we have made clear after *Booker*, "departure" is an outmoded concept. *United States v. Filipiak*, 466 F.3d 582, 584 (7th Cir. 2006); *United States v. Johnson*, 472 F.3d 423, 426 (7th Cir. 2005). Before *Booker* the guidelines greatly cabined the district court's authority to depart below the range, *see United States v. Walker*, 447 F.3d 999, 1005 (7th Cir. 2006); *Johnson* 472 F.3d at 426, but after *Booker* that authority is broad, and it does not have to rest on a specific guidelines provision. *See United States v. Wallace*, 458 F.3d 606, 608-09 (7th Cir. 2006). Lakes, though, never urged the district court to impose a sentence below the guidelines range on the ground he advances here, so the district court's choice of a term within the range is reasonable. *See United States v. Hankton*, 463 F.3d 626, 629 (7th Cir. 2006).

Lakes raises two final arguments concerning his sentence. First he argues that 40 months is unreasonable because, he says, the district court failed to give proper weight to the factors set out in 18 U.S.C. § 3553. But the court did consider Lakes's criminal history, his age and personal characteristics, the nature of his offense, and the increasing severity of his crimes, and it determined that a sentence within the guidelines range would be appropriate. The judge is not required to address each factor in a "checklist fashion." *Dean*, 414 F.3d at 729. Lakes also argues that *Mykytiuk*, which holds that a sentence within the guidelines range is presumptively reasonable, is contrary to the Supreme Court's decision in *Booker*, 543 U.S. 220, because "it has the effect of making the Guidelines mandatory." But we have consistently reaffirmed our holding in *Mykytiuk*. *See United States v. Wallace*, 458 F.3d 606, 611 (7th Cir. 2006); *United States v. Brock*, 433 F.3d 931, 938 (7th Cir. 2006); *United States v. Jordan*, 435 F.3d 693, 696 (7th Cir. 2006). And here the sentence is reasonable even without the presumption. *See United States v. Rita*, 177 F.App'x 357 (4th Cir. 2006), *cert. granted*, 127 S.Ct. 551 (U.S. Nov. 3, 2006) (No. 06-5754).

Accordingly, we AFFIRM Lakes's sentence.