NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 20, 2007
Decided March 22, 2007

**Before**

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

Nos. 05-2055 & 05-2056

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeals from the United States District Court for the Northern District of Illinois, Eastern Division |
| *v.* | No. 97 CR 516 |
| JAMES R. SKRZYPEK and JANICE M. SKRZYPEK *Defendants-Appellants*. | James B. Moran, *Judge*. |

## O R D E R

The Chicago Housing Authority uses security guards employed by private companies to provide security for residents of its housing projects. Husband and wife James and Janice Skrzypek owned several companies that offered armed guards on a contract basis. The CHA selected one of those companies, Federal Security, Inc., to keep watch over some of its housing projects. Federal Security did not have enough guards to fulfill its obligation to the CHA, but it nevertheless led the CHA to believe that the positions were fully staffed—and it charged accordingly. Federal Security also inflated the number of hours that its existent guards worked, and ultimately defrauded the CHA of over $1.1 million. At the same time, the Skrzypeks understated the number of employees working for their companies and

underpaid several insurance companies by $2.3 million for mandatory policies that tied rates for liability and workers' compensation coverage to payroll costs. The Skrzypeks also defrauded the United States of approximately $2.5 million in taxes by embezzling payroll taxes withheld from their employees and understating the income derived from their various companies.

To cover their tracks, the Skrzypeks bribed several CHA employees, but eventually a CHA worker informed the FBI of the Skrzypeks' scheme. The FBI then worked with that CHA employee to secure enough evidence to prosecute the couple. In a 160-count, second superseding indictment, the Skrzypeks, along with Federal Security and others, were charged with various offenses, including racketeering, 18 U.S.C. § 1962(c); conspiracy to defraud the United States, *id.* § 371; mail and wire fraud, *id.* §§ 1341, 1343; bribery of a public official, *id.* § 201; and willful failure to pay taxes, 26 U.S.C. § 7202. The Skrzypeks went to trial, and a jury found them guilty on all but one of the counts. The district court sentenced both of the Skrzypeks to a total of 90 months' imprisonment and five years' supervised release, and ordered them jointly to pay roughly $3.5 million restitution. The court directed that the restitution be paid immediately instead of setting a payment schedule.

On appeal the Skrzypeks make just one argument. They contend that the district court committed plain error when it failed to impose a payment schedule for restitution. According to the probation officer, the Skrzypeks had virtually no assets and monthly income of just $360 by the time they were sentenced. The Skrzypeks, however, did not object when the court ordered immediate payment, so we review for plain error, that is, error that affected their substantial rights. *See United States v. Thigpen*, 456 F.3d 766, 771 (7th Cir. 2006).

We held after the sentencings in this case that district courts have a non-delegable duty to fix a payment schedule for restitution when the defendant does not have the resources to make immediate payment. *United States v. Day*, 418 F.3d 746, 761 (7th Cir. 2005). The district court did not have the benefit of our later case and understandably did not set a payment schedule even after noting that the Skrzypeks had only a "remote" chance of repaying the money owed. Even so, the government urges us to remand for the limited purpose of allowing the district court to set a payment schedule as *Day* now requires. We do so here at the government's invitation. *See Thigpen*, 456 F.3d at 771 (holding that failure to set payment schedule for restitution constituted plain error).

In addition to the brief filed by counsel on behalf the Skrzypeks, we gave James Skrzypek permission to file a *pro se* brief. We have reviewed the arguments he makes and conclude that none of them have merit.

The convictions and sentences of both James and Janice Skrzypek are AFFIRMED, except that we REMAND both cases for the limited purpose of allowing the district court to set a payment schedule for restitution.