NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted May 14, 2008[*]
Decided May 16, 2008

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

JOHN L. COFFEY, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 06-4009

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 00 CR 143 3 |
| LISA TONEY, *Defendant-Appellant*. | Charles R. Norgle, Sr. *Judge*. |

**O R D E R**

Lisa Toney was convicted of federal crimes, including credit-card fraud, after she and her boyfriend obtained fraudulent credit cards in her husband's name  and killed him with a mail bomb after he found out.  Toney initially was sentenced to life imprisonment and ordered to pay $141,942 in mandatory restitution, but her case was on direct appeal when the Supreme Court decided *United States v. Booker*, 543 U.S. 220 (2005), and in light of that decision we remanded for resentencing.  *See  United States v. Toney*, 177 Fed. App'x 486

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary.  Thus, the appeal is submitted on the briefs and the record.  *See* FED. R. APP. P. 34(a)(2).

(7th Cir. 2006).  On remand the district court lowered Toney's overall term of imprisonment to 300 months but otherwise reinstated the judgment, including the order of restitution. Toney appeals again, this time arguing that the district court erroneously ordered her to pay the restitution immediately instead of setting payment schedules for her terms of imprisonment and supervised release.

Because Toney did not object in the district court to the lack of a payment schedule, we review only for plain error.  *United States v. Thigpen*, 456 F.3d 766, 771 (7th Cir. 2006). Toney relies on this court's holdings in *Thigpen*, *United States v. Pandiello*, 184 F.3d 682 (7th Cir. 1999), and *United States v. Mohammad*, 53 F.3d 1426 (7th Cir. 1995), to argue that the failure to set a payment schedule was plain error.  But after briefing in this case concluded, we overruled those cases in *United States v. Sawyer*, Nos. 06-1275, 06-1614 & 06-4030, 2008 WL 942653, at *6 (7th Cir. Apr. 9, 2008).  After *Sawyer*, payments during incarceration should be handled through the Bureau of Prisons, not set by the district court.  *Id.* at *3.  So the district court did not err at all by not setting a payment schedule for the term of imprisonment.  It was error for the district court not to set a payment schedule for Toney's term of supervised release, *see* 18 U.S.C. § 3664(f)(2), but that error was not plain.  *See Sawyer*, 2008 WL 942653, at *6.

AFFIRMED.