**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued April 22, 2008
Decided May 21, 2008

**Before**

KENNETH F. RIPPLE, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 07-2399

| | |
|---|---|
| UNITED STATES OF AMERICA<br>    *Plaintiff-Appellee*,<br><br>    *v.*<br><br>ADRIAN MARTINEZ-SANCHEZ<br>    *Defendant-Appellant*. | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division.<br><br>No. 06 CR 790<br><br>Charles P. Kocoras,<br>*Judge*. |

**O R D E R**

Adrian Martinez-Sanchez pleaded guilty to being in the United States without permission after his removal. *See* 8 U.S.C. § 1326(a). The probation officer recommended a guidelines imprisonment range of 77 to 96 months based largely on a 16-level increase that applies when an alien's removal followed a conviction for a crime of violence. *See* U.S.S.G. § 2L1.2(b)(1)(A)(ii). The district court, based on that recommendation, sentenced Martinez-Sanchez to 84 months imprisonment. Martinez-Sanchez now challenges the 16-level increase. Because his 2002 aggravated battery conviction qualifies as a crime of violence, we affirm.

Martinez-Sanchez, a Mexican citizen with an astonishing 8 aliases and 32 known convictions, was formally removed from the United States in 2003. He returned, unlawfully,

three years later.  Following an arrest in Berwyn, Illinois, in October 2006, Martinez-Sanchez was turned over to immigration agents and charged with violating § 1326(a).  He reached a plea agreement with the government, but in doing so disagreed with the government's position that, due to his two prior convictions for aggravated battery, the 16-level upward adjustment was appropriate.

The probation officer, adopting the government's position, concluded that Martinez-Sanchez's 1995 and 2002 felony convictions for aggravated battery of a police officer, *see* 720 ILCS 5/12-3, 5/12-4(b)(6) (2003), qualified as crimes of violence, subjecting him to the 16-level increase.  The probation officer noted that Martinez-Sanchez had struck an officer in the nose with his right knee during the 1995 arrest and had thrown a punch "towards the officer's facial area" during the 2002 incident.  The probation officer cited the charging document for the 2002 conviction, which states that Martinez-Sanchez "intentionally or knowingly without legal justification caused bodily harm to [the police officer] in the face with his fist, knowing the officer to be a peace officer."  With the 16-level increase and a 3-level reduction for acceptance of responsibility, the probation officer calculated a total offense level of 21.  Combined with Martinez-Sanchez's criminal history category of VI, the probation officer recommended a guidelines imprisonment range of 77 to 96 months.

Martinez-Sanchez objected to the 16-level increase because, he claimed, Illinois law does not make physical force an element of aggravated battery of a police officer.  Moreover, he argued, the probation officer was not authorized to consider the "specific conduct" underlying either conviction.  At sentencing Martinez-Sanchez reiterated these objections, but the district court adopted the probation officer's calculations.  The court stated that it could "not go behind the elements of the offense," but nonetheless concluded, based on its reading of a decision from this court, "aggravated battery is a crime of violence."  The court then rejected Martinez-Sanchez's arguments for a below-guidelines sentence and imposed the 84-month term.

On appeal, Martinez-Sanchez argues that under Illinois law, aggravated battery can encompass nonviolent conduct and thus the court was required to look beyond the statutory elements to determine the true nature of his convictions.  But, Martinez-Sanchez contends, the court lacked access to any of the permitted source materials that may be used in making this inquiry and, instead, erred by gleaning the underlying facts from a police officer's affidavit.

The classification of a prior conviction under the sentencing guidelines is a legal question reviewed de novo.  *United States v. Franco-Hernandez*, 511 F.3d 768, 769 (7th Cir. 2008).  Under the guidelines a defendant in a § 1326(a) case is subject to a 16-level increase in base offense level if he has a prior felony conviction for a "crime of violence."  U.S.S.G. § 2L1.2(b)(1)(A)(ii).  "'Crime of violence' means any of the following:  murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, statutory rape, sexual abuse of a minor, robbery, arson, extortion, extortionate extension of credit, burglary of a dwelling, or any offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another."  *Id.* § 2L1.2 cmt. n.1(B)(iii).  Battery is not an

enumerated offense, so whether the disputed convictions meet the guidelines definition turns on the statutory elements.

In evaluating this question, two preliminary points are in order. First, for purposes of § 2L1.2(b)(1)(A)(ii), "force" means force that is "violent in nature." *See Flores v. Ashcroft*, 350 F.3d 666, 672 (7th Cir. 2003); *United States v. Franco-Fernandez*, 511 F.3d 768, 770-71 (7th Cir. 2008). Second, the district court was mistaken in believing that *United States v. Thigpen*, 456 F.3d 766, 770 (7th Cir. 2006), forecloses the argument made by Martinez-Sanchez. It is true that in *Thigpen* we did say that, for purposes of the career offender guideline, *see* U.S.S.G. § 4B1.1, aggravated battery under the Illinois statute "involves the use or threatened use of force against another person" and thus "meets the requirements for a crime of violence," *Thigpen*, 456 F.3d at 770. But this conclusion is dicta (the defendant was a career offender by virtue of other convictions for robbery and possession of a controlled substance with intent to deliver), and in a later case we implied that *Thigpen* was not the last word. *See United States v. Humphreys*, 468 F.3d 1051, 1055 (7th Cir. 2006) (explaining that previous decisions, including *Thigpen*, created "some doubt" about whether "aggravated battery under the Illinois statute may in some cases be nonviolent"). And just two months ago we made explicit that the Illinois statute permits conviction for aggravated battery of a police officer even where the defendant did not engage in force that is "violent in nature." *See Garcia-Meza v. Mukasey*, 516 F.3d 535, 537 (7th Cir. 2008) (noting that spitting in direction of police officer can be aggravated battery under Illinois statute).

The Illinois statute provides that a person "commits battery if he intentionally or knowingly without legal justification and by any means, (1) causes bodily harm to an individual or (2) makes physical contact of an insulting or provoking nature with an individual." 720 ILCS 5/12-3. Thus, one way of committing battery is to make "physical contact" without causing injury, and that physical contact does not have to be violent in nature. *See, e.g., Illinois v. Peck*, 633 N.E.2d 222, 223 (Ill. App. Ct. 1994) (explaining that 720 ILCS 5/12-3 defines battery as making offensive contact with a victim "by any means," which encompasses spitting at a peace officer). Moreover, a simple battery involving nonviolent physical contact can become "aggravated" by the addition of facts that have nothing to do with physical force. A battery can be aggravated because it causes "great bodily harm," 720 ILCS 5/12-4(a), or because, as here, the victim is a "peace officer," 720 ILCS 5/12-4(b)(6) (2003); *see Illinois v. Hale*, 395 N.E.2d 929, 931-32 (Ill. 1979) (holding that aggravated battery of peace officer encompasses both insulting or provoking contact and battery resulting in bodily harm); *Illinois v. McBrien*, 494 N.E.2d 732, 737 (Ill. App. Ct. 1986) (noting that battery of police officer elevates simple battery to aggravated battery and can take either form).

Because Illinois law criminalizes both violent and nonviolent aggravated battery, the district judge could properly look beyond the statutory language to the underlying conduct to ascertain whether Martinez-Sanchez's convictions qualified as crimes of violence for purposes of § 2L1.2(b)(1)(A)(ii). *See, e.g., United States v. Gilbert*, 464 F.3d 674, 678 (7th Cir. 2006); *United States v. Sperberg*, 432 F.3d 706, 708 (7th Cir. 2005). The scope of the inquiry, though, is limited. A sentencing court may look only to (1) admissions made by the defendant and (2)

the charging document, plea agreement, plea colloquy, and comparable judicial records from the conviction(s). *Shepard v. United States*, 544 U.S. 13, 16 (2005); *United States v. Lewis*, 405 F.3d 511, 514-15 (7th Cir. 2005). A sentencing court may not look to police reports, *Shepard*, 544 U.S. at 16, or arrest affidavits, *Lewis*, 405 F.3d at 515, in evaluating the defendant's underlying conduct.

Here, in compiling the presentence report the probation officer ran afoul of *Shepard* and *Lewis* by considering the police reports and arrest affidavits for Martinez-Sanchez's 1995 and 2002 convictions for aggravated battery. At the same time, however, the probation officer also reviewed the charging document for the 2002 conviction. Resort to that document was permissible, and it spells out that Martinez-Sanchez was charged with "causing bodily harm to officer Donald Garrity in the face with his fist." Thus, because proper evidence of Martinez-Sanchez's underlying conduct for his 2002 aggravated battery conviction exists in the record, the district court did not err in applying the 16-level increase under U.S.S.G. § 2L1.2(b)(1)(A)(ii).

Accordingly, we AFFIRM Martinez-Sanchez's sentence.