NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 21, 2008
Decided May 28, 2008

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 07-2436

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Northern District of Illinois, |
| | Eastern Division. |
| *v.* | |
| | No. 06 CR 381-1 |
| HUSSNIAN AHMAD, | |
| *Defendant-Appellant.* | Ruben Castillo, |
| | *Judge.* |

**O R D E R**

Hussnian Ahmad falsely represented that he was a victim of Hurricane Katrina and fraudulently received over $6,000 in cash and lodging from the Federal Emergency Management Agency in September 2005. He pleaded guilty without the benefit of a plea agreement to one count of theft of government funds. *See* 18 U.S.C. § 641. The district court calculated a guidelines range of 2 to 8 months' imprisonment, but at sentencing Ahmad requested a 9-month prison term, to run concurrently with an unrelated state sentence imposed in Ohio. His counsel told the court that if Ahmad received a shorter sentence, he would have to return to Ohio to serve the last few days of his sentence there; apparently Ahmad preferred to serve the remainder of his state sentence in federal prison in Illinois. The district court obliged and sentenced him to 9 months' imprisonment to be followed by

three years of supervised release and ordered him to pay restitution to FEMA. Ahmad filed a notice of appeal, but his appointed counsel now seeks to withdraw under *Anders v. California*, 386 U.S. 738 (1967), because he cannot discern a nonfrivolous basis for appeal. We sent two notices to Ahmad—one to his original address as reflected on our docket and one to his updated address—inviting him to comment on counsel's motion, but he has not accepted the opportunity. *See* CIR. R. 51(b). Because counsel's supporting brief is facially adequate, we limit our review to the potential issues identified in counsel's brief. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Counsel begins by telling us that Ahmad does not wish to challenge his guilty plea. So counsel appropriately refrains from discussing whether Ahmad could argue that his plea was not voluntary. *See United States v. Knox*, 287 F.3d 667, 670-71 (7th Cir. 2002).

Counsel next considers whether Ahmad could challenge the reasonableness of his prison term. Ahmad's 9-month prison sentence was one month longer than the guidelines range. But at sentencing Ahmad did not argue that any of the 18 U.S.C. § 3553(a) factors warranted a lower sentence. To the contrary, Ahmad's counsel specifically requested a 9-month term to spare Ahmad the hassle of being transferred to Ohio to serve the few remaining days of a state sentence. Thus it would be frivolous to argue that the district court imposed an unreasonable sentence when Ahmad received the sentence that he requested. *See United States v. Kindle*, 453 F.3d 438, 442 (7th Cir. 2006) (a defendant who makes a strategic choice to adopt one sentencing argument over others waives the arguments he chose not to pursue).

Counsel next questions whether Ahmad could argue that his three-year term of supervised release is unreasonably long. We agree with counsel that this argument, too, would be frivolous. The term is within the guidelines range, which is presumptively reasonable on appeal. *See United States v. Shannon*, 518 F.3d 494, 496 (7th Cir. 2008); *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005). And the district court considered the relevant factors under 18 U.S.C. § 3553(a), particularly Ahmad's need for drug treatment. At sentencing Ahmed said that his drug addiction was the driving force behind his criminal conduct. The district court noted that it considered imposing a longer prison term to ensure that Ahmad would stay away from drugs, but it decided instead to impose a three-year term of supervised release and to mandate that Ahmad undergo drug treatment, explaining that "[t]he most important part of my sentence is that you remain drug free." *See* 18 U.S.C. § 3553(a)(2)(D).

Next, counsel considers whether Ahmad could challenge the district court's failure to specify a maximum number of drug tests when it imposed participation in a drug

treatment program as a condition of supervised release.  Ahmad did not object to the court's omission at sentencing, and we have determined that the failure to set a ceiling on the number of drug tests is not plain error.  *See United States v. Tejeda*, 476 F.3d 471, 473-76 (7th Cir. 2007).  Thus we agree with counsel that it would be frivolous to raise the error on appeal.

Finally, counsel examines whether Ahmad could challenge the amount of restitution the district court ordered him to pay.  Ahmad did not object to the restitution order, and so our review would be for plain error.  *See United States v. Thigpen*, 456 F.3d 766, 771 (7th Cir. 2006).  The district court was required to order restitution.  *See* 18 U.S.C. § 3663A.  The Presentence Investigation Report concluded that $6,805 was the amount of FEMA's loss.  *See United States v. Seward*, 272 F.3d 831, 839 (7th Cir. 2001) (noting that restitution is based on the amount of actual loss).  And Ahmad's attorney acknowledged at sentencing that this calculation was correct.  So counsel properly concludes that it would be frivolous for Ahmad to argue that the court plainly erred in calculating the restitution award.

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.