| NONPRECEDENTIAL DISPOSITION |
| To be cited only in accordance with |
| Fed. R. App. P. 32.1 |

# Unite States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 27, 2009
Decided June 24, 2009

*Before*

ILANA DIAMOND ROVNER, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 08-2388

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States |
|     *Plaintiff-Appellee*, | District Court for the Northern |
| | District of Illinois, Eastern |
|     v. | Division |
| | |
| JAMES R. SKRZYPEK & JANICE | Nos. 97 CR 516-2 & 97 CR 516-3 |
| M. SKRZYPEK, | |
|     *Defendants-Appellants*. | James B. Moran, *Judge* |

## ORDER

A jury convicted husband and wife James and Janice Skrzypek on 159 counts of a superseding indictment that included charges of racketeering, 18 U.S.C. § 1962(c), conspiracy to defraud the United States, *id.* § 371, mail and wire fraud, *id.* §§ 1341, 1343, and bribery of a public official, *id.* § 201.  We affirmed the Skrzypeks' convictions in an unpublished order on March 22, 2007, *United States v. Skrzypek*, Nos., 05-2055 & 05-2056, 219 Fed. Appx. 577 (Mar. 22, 2007), but remanded for resentencing "for the limited purpose of allowing the district court to set a payment

schedule for restitution," *id.* at 579. On remand, the district court imposed new sentences for both defendants that included a repayment schedule for restitution, namely, 10% of their net monthly income to commence after incarceration.

The Skrzypeks now appeal, but their appointed counsel has moved to withdraw because he is unable to discern any meritorious issues for appeal. *See Anders v. California*, 386 U.S. 738 (1967). The Skrzypeks have responded to our invitation under Circuit Rule 51(b) to comment on counsel's submission. We limit our review to those issues identified in counsel's brief and the Skrzypeks' response to it. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

The background facts are described more fully in our earlier order. *See Skrzypek*, 219 Fed. Appx. at 577-78. As relevant here, the Skrzypeks owned several companies that offered armed guards on a contract basis to the Chicago Housing Authority. Through their companies, the Skrzypeks defrauded the CHA of over $1.1 million by charging for guards that they never hired. The CHA was not the only victim. They also underpaid several insurance companies by $2.3 million and defrauded the United States government of approximately $2.5 million by failing to pay taxes owed. In addition to 90 months' imprisonment apiece, the district court sentenced them to jointly pay roughly $3.5 million in restitution, despite the fact that they had virtually no remaining assets by the time of sentencing. After their sentencing but before their appeal, we decided *United States v. Day*, 418 F.3d 746 (7th Cir. 2005), which holds that district courts must set a payment schedule for restitution when a defendant lacks the resources to make immediate payment, *id.* at 761. Based on our holding in *Day*, we remanded the Skrzypeks' appeal for the limited purpose of allowing the district court to set a payment schedule. *Skrzypek*, 219 Fed. Appx. at 579.

In his *Anders* submission, counsel concludes that on appeal the Skrzypeks are limited to raising issues arising from the remand and their resentencings. Counsel correctly discounts other potential arguments because anything that the Skrzypeks could have raised on direct appeal, but did not, is now waived. *See United States v. Parker,* 101 F.3d 527, 528 (7th Cir. 1996). That leaves only challenges arising out of the correction of the sentence ordered by this court in the Skrzypeks' first appeal. We directed the district court in that appeal to impose a restitution schedule, which it did at resentencings for both James and Janice Skrzypek. As counsel notes, there is nothing unreasonable about the district court's imposition of a restitution schedule of 10% of the Skrzypeks' net income commencing upon their release. Thus, we agree

with counsel that any challenge to their sentences or the restitution schedule would be frivolous.

In their response to counsel's *Anders* brief, the Skrzypeks first contend that their current appointed counsel is ineffective. But this claim is better raised in a collateral proceeding where the Skrzypeks may develop a record regarding their counsel's conduct. *See, e.g., United States v. Recendiz*, 557 F.3d 511, 531-32 (7th Cir. 2009). The Skrzypeks next contend that because the district court's original restitution order failed to include a payment schedule it was "deficient on its face." They assert that this deficiency opened the door on remand for them to challenge not only the payment schedule, but the restitution order itself and the accompanying term of imprisonment. This argument would be frivolous. The Skrzypeks are not entitled to a second bite at sentencing through the "accident of remand." *See Parker*, 101 F.3d at 528.

For the foregoing reasons we GRANT counsel's *Anders* motion and DISMISS the appeal.