**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 14, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DOUGLAS M. THIGPEN,

      Petitioner - Appellant,

v.

CHARLES A. DANIELS, Warden,

      Respondent - Appellee.

No. 12-1216
(D.C. No. 1:12-CV-00852-LTB)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **O'BRIEN** and **MATHESON**, Circuit Judges.

Douglas Thigpen, a federal prisoner appearing pro se,[1] appeals the district court's

dismissal of his application for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.

---

[*] After examining Appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Thigpen filed his application pro se, his "pleadings are to be construed liberally," though we stop short of "assum[ing] the role of advocate." *Hall v. Belmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "We review the district court's dismissal of a § 2241 habeas petition de novo." *Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011) (quotations omitted).

The district court dismissed Mr. Thigpen's application because he had an adequate and effective remedy under 28 U.S.C. § 2255, the appropriate remedy for attacking the validity of a sentence. Additionally, the district court certified that, pursuant to 28 U.S.C. § 1915(a)(3), any appeal of this order would not be taken in good faith and *in forma pauperis* (*ifp*) status should be denied on appeal. Mr. Thigpen nevertheless filed a motion requesting leave to proceed *ifp* on appeal. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm the dismissal of the § 2241 petition and deny Mr. Thigpen's *ifp* motion.

Mr. Thigpen pled guilty to one count of bank robbery in the United States District Court for the Northern District of Illinois. At sentencing, the district court classified him as a career offender and sentenced him to 151 months in prison. Mr. Thigpen directly appealed his sentence without success, and subsequently filed a similarly unsuccessful § 2255 motion. *See United States v. Thigpen,* 456 F.3d 766 (7th Cir. 2006) (upholding career offender sentence enhancement and finding no error by sentencing court); *Thigpen v. United States*, No. 08-C-266, 2008 U.S. Dist. LEXIS 2560 (N.D. Ill. Jan. 14, 2008) (denying § 2255 motion). Mr. Thigpen is currently serving his sentence at the U.S. Penitentiary in Florence, Colorado.

In his § 2241 application and on appeal to this court, Mr. Thigpen argues that the Northern District of Illinois improperly classified him as a career offender at sentencing. He asserts, among other things, that his appointed counsel violated his Sixth Amendment rights by failing to raise certain objections, that the district court judge considered

improper sources in deciding to count certain convictions toward his career offender status, that the district court judge committed misconduct by subsequently "covering up" these alleged errors, and that the United States Court of Appeals for the Seventh Circuit made legal and factual errors with respect to these same issues when it affirmed his sentence on direct appeal.

The distinct purposes of an application for a writ of habeas corpus under 28 U.S.C. § 2241 and a motion under 28 U.S.C. § 2255 are well established. *See Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999); *Bradshaw v. Story*, 84 F.3d 164, 166 (10th Cir. 1996). A § 2255 motion is "[t]he exclusive remedy for testing the *validity* of a judgment and sentence, unless it is inadequate or ineffective." *Bradshaw*, 86 F.3d at 166 (quoting *Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965) (emphasis added) (quotations omitted)). "A petition under § 2241 typically attacks the *execution* of a sentence rather than its validity and must be filed in the district where the prisoner is confined. It is not an additional, alternative, or supplemental remedy" to § 2255. *Bradshaw*, 86 F.3d at 166 (emphasis added) (citation omitted).

Although Mr. Thigpen repeatedly labels his claims as attacking the *execution* of his sentence, they are in fact challenges to the sentence's underlying validity. We have previously explained that a prisoner who "opposes his sentence and not the execution of his sentence," must file under § 2255. *Id*. at 166 (citing *United States v. Flores*, 616 F.2d 840, 842 (5th Cir. 1980) (allegations of errors at or prior to sentencing constitute attack on the validity of sentence)). Thus, Mr. Thigpen may bring these claims under § 2241

*only* if he shows that § 2255 is inadequate or ineffective.

"Courts have found a remedy under 28 U.S.C. § 2255 to be inadequate or ineffective only in extremely limited circumstances," such as when the sentencing court has been abolished, refuses to consider the application altogether, or delays consideration inordinately. *Caravalho*, 177 F.3d at 1178 (citing *Spaulding v. Taylor*, 336 F.2d 192, 193 (10th Cir. 1964); *Stirone v. Markley*, 345 F.3d 473, 475 (7th Cir.)). None of these circumstances applies here. Mr. Thigpen filed a § 2255 motion with the sentencing court, the Northern District of Illinois. That court reviewed the motion and denied it. *Thigpen*, 2008 U.S. Dist. LEXIS 2560, at *4. "Failure to obtain relief under 2255 does not establish that the remedy so provided is either inadequate or ineffective." *Bradshaw*, 86 F.3d at 166 (quotations omitted). Nor does the fact that Mr. Thigpen may be barred from filing additional § 2255 petitions mean that the remedy is inadequate or ineffective. *Caravalho*, 177 F.3d at 1179. In short, § 2255 is an adequate and effective remedy, and Mr. Thigpen may not bring his claims under § 2241.

With respect to Mr. Thigpen's motion to proceed *ifp*, the district court certified that any appeal of the § 2241 motion dismissal would not be taken in good faith. "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). We have examined the record and note that Mr. Thigpen has previously argued the claims in his § 2241 application on numerous

occasions, and that no less than three courts have reviewed the claims and rejected them.[2]

On appeal, Mr. Thigpen merely repeats his claims without providing "a reasoned

nonfrivolous argument on the law and supporting facts as to why the dismissal of his

habeas petition was incorrect." *Clark v. Oklahoma*, 468 F.3d 711, 713 (10th Cir. 2006);

*see also Coppedge v. United States*, 369 U.S. 438, 445 (1962). We therefore conclude, as

did the district court, that this appeal is not taken in good faith. Mr. Thigpen must remit

the full amount of the filing fee. We remind him that an unfavorable result on appeal

does not relieve him of his obligation to pay the fee in full. *See Kinnell v. Graves*, 265

F.3d 1125, 1129 (10th Cir. 2001).

For the foregoing reasons, we AFFIRM the district court's dismissal of the § 2241

application, and DENY Mr. Thigpen's motion to proceed *ifp*.

ENTERED FOR THE COURT

Scott M. Matheson, Jr.
Circuit Judge

---

[2] Mr. Thigpen raised these claims on direct appeal to the Seventh Circuit in 2006. *United States v. Thigpen*, 456 F.3d 766 (7th Cir. 2006); *United States v. Thigpen*, No. 05-1866, 2006 U.S. App. LEXIS 23231 (7th Cir. Sept. 6, 2006) (denying request for rehearing en banc); *Thigpen v. United States*, 549 U.S. 1152 (2007) (denying petition for certiorari). Mr. Thigpen asserted the same or very similar claims in a § 2255 motion to the Northern District of Illinois, who reviewed and denied the motion. *Thigpen v. United States*, No. 08-C-266, 2008 U.S. Dist. LEXIS 2560 (N.D. Ill. Jan. 14, 2008); Order Denying Certificate of Appealability, ROA Vol. 1 at 85; *Thigpen v. United States*, 555 U.S. 1059 (2008) (denying petition for certiorari).