NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 14, 2013
Decided February 14, 2013

**Before**

RICHARD A. POSNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 12-2355

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 11 CR 570-2 |
| MARCEL C. COOK, *Defendant-Appellant.* | Ruben Castillo, *Judge.* |

**O R D E R**

While investigating an informant's tip about drug dealing at an apartment building, federal agents arrested Marcel Cook and found crack cocaine in his car. Cook was charged with possessing the crack with intent to distribute, 21 U.S.C. § 841(a)(1). He moved to suppress the drugs and, after that motion was denied, entered a conditional guilty plea, reserving the right to challenge the ruling on appeal. The district court calculated a guidelines imprisonment range of 262 to 327 months based on Cook's status as a career offender, *see* U.S.S.G. § 4B1.1(b)(1), and imposed a sentence of 168 months. Cook filed a notice of appeal, but his appointed attorney asserts that the appeal is frivolous and seeks to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Cook opposes counsel's motion. *See* CIR. R. 51(b). We confine our review to the potential issues identified in counsel's facially adequate brief and Cook's response. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002). Cook has told counsel that he does not wish

to challenge his guilty plea unless the suppression ruling is overturned, so counsel properly omits any discussion of the plea colloquy and the voluntariness of Cook's plea. *See United States v. Knox*, 287 F.3d 667, 671–72 (7th Cir. 2002).

The facts leading to Cook's arrest are not in dispute. Agents received a tip in late 2010 about drug dealing out of an apartment building on the south side of Chicago. In March 2011 they contacted the building manager, who confirmed complaints from tenants about drug dealing in a specific apartment. Two days later, while surveiling the apartment's parking lot and entrances, the agents saw a white pickup truck pass through the lot, circle the block, and then return and park. The driver walked into the building, stopping along the way to peer into the windows of the agents' surveillance van. Almost simultaneously, two other men arrived in a second vehicle and also entered the building. The agents recognized one of those men as the brother of the subject of the informant's tip. Forty minutes later, the driver of the pickup left the building with his jacket slung over his left hand, apparently concealing something bulky. Then a third vehicle—a green car driven by Cook—entered the parking lot, and the driver of the pickup climbed in on the passenger's side. The agents could not see what happened inside the green car, but they watched as Cook exited the parking lot and drove halfway around the block before stopping. The driver of the white pickup got out holding a paper bag. Concluding that a drug deal had just taken place, the agents stopped him and seized the paper bag. With guns drawn, they also arrested Cook, who admitted driving without a license or proof of insurance. They found over $7,000 in the paper bag and 244 grams of crack in the car's center console. The vehicle was impounded. Further investigation established, however, that the drug deal between Cook and the driver of the pickup was unrelated to the informant's tip.

Cook sought to suppress the crack from his car on the ground that the agents had lacked probable cause to arrest him. The district court concluded, though, that the informant's tip about drug dealing at the apartment building and the agents' observations of activities consistent with drug trafficking had provided probable cause. Alternatively, the court reasoned, the agents at least had reasonable suspicion supporting an investigatory stop and would have discovered the crack when Cook's car was impounded and inventoried after his arrest for failure to have a license.

In her *Anders* brief, counsel analyzes whether Cook could challenge the suppression ruling and concludes that any appellate claim would be frivolous. Cook argues otherwise in his Rule 51 submission, but we agree with counsel. The agents had observed actions consistent with a drug deal, including Cook's swapping a paper bag for a bulky package while driving around the block with someone he picked up at an apartment building where tenants were complaining about drug dealing. *See United States v. Parra*, 402 F.3d 752, 765 (7th Cir. 2005); *United States v. Funches*, 327 F.3d 582, 586–87 (7th Cir. 2003). Although the agents had lacked information specific to Cook before he stumbled into their surveillance, the totality of

circumstances created probable cause to arrest him and search his car. *See Funches*, 327 F.3d at 587; *United States v. Carrillo*, 269 F.3d 761, 766–67 (7th Cir. 2001).

Counsel also considers challenging Cook's classification as a career offender but correctly concludes that any argument would be frivolous. Cook did not object to the accuracy of the extensive criminal history detailed in his presentence report, which includes his felony convictions in 2005 for a drug conspiracy and in 1998 for possession of a controlled substance with intent to deliver. Both are controlled-substance offenses punishable by more than one year in prison, thus making Cook a career offender. *See* U.S.S.G. §§ 4B1.1(a), 4B1.2(b); *United States v. Black*, 636 F.3d 893, 898 (7th Cir. 2011); *United States v. Thigpen*, 456 F.3d 766, 770 (7th Cir. 2006).

Counsel finally evaluates whether Cook could challenge his below-guidelines prison sentence as unreasonable and again concludes that this potential claim would be frivolous. We agree. The district court considered Cook's arguments in mitigation and decided that 14 years is the appropriate sentence. Counsel has not identified any ground to rebut the presumption that this term is reasonable, *see Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Jones*, 696 F.3d 695, 699 (7th Cir. 2012); *United States v. Poetz*, 582 F.3d 835, 837 (7th Cir. 2009), nor can we.

The motion to withdraw is **GRANTED**, and the appeal is **DISMISSED**.